**\*\*IN THE UNITED STATES DISTRICT COURT**

FOR THE DISTRICT OF COLUMBIA\*\***

**Nazanin Jahani**,
Plaintiff,

v.

**John Armstrong, et al.,**
Defendants.

Civil Action No. 1:25-cv-02745 (CJN)

---

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Nazanin Jahani respectfully submits this Opposition to Defendants' Motion to Dismiss. The Motion should be denied because:

1. Plaintiff's immigrant visa application remains **under active administrative processing**, and therefore any refusal is **not final,** making *Karimova* and *Muñoz* inapplicable.

2. The doctrine of consular non-reviewability does **not** bar APA delay claims challenging **inaction**, not visa decisions.

3. Plaintiff states a valid claim under the APA and Mandamus Act for **18 months of unexplained delay**, with no requests for additional information.

4. The **TRAC** factors overwhelmingly support judicial relief given Plaintiff's professional ties, U.S. national interest contributions, straightforward background, and severe ongoing harm to U.S.–Norway scientific collaboration.

Plaintiff requests the Court deny Defendants' Motion and compel the Department of State to **complete administrative processing** and issue a final decision.

---

### I. PLAINTIFF VOLUNTARILY DISMISSES TWO IMPROPERLY NAMED DEFENDANTS

Plaintiff voluntarily dismisses:

- the Attorney General of the United States; and

- the United States Attorney for the District of Columbia.

**Their inclusion in the original Complaint was inadvertent.** As a pro se litigant, Plaintiff did not intend to name officials who have no role in immigrant visa adjudication. After reviewing Defendants' Motion, Plaintiff removes them in good faith so that the case proceeds only against the proper Department of State officials with responsibility over administrative processing and adjudication.

---



RECEIVED

DEC 05 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## II. FACTUAL BACKGROUND

Plaintiff is a **Norwegian citizen**, born in Iran but without any current ties to Iran. She has never worked in Iran and has **no family remaining** there. As a woman, Plaintiff has **never served in military service**, which removes a common background-check complication for Iranian-born applicants.

**Plaintiff has substantial, lawful, long-standing connections to the United States:**

- **Fulbright Scholar in 2021**

- **J-1 Research Scholar** at the University of Texas at Austin in 2025 (six-month stay)

- Active scientific collaborator with **the university of Texas at Austin (UT Austin)** on U.S. energy research

- Two brothers (Saman Jahani and Nariman Jahani) who are **U.S. citizens**, residing and working in the U.S.

- A history of multiple lawful U.S. entries and departures over the past decade

Plaintiff's EB-2 NIW petition (I-140) was approved on **March 27, 2023**. Her immigrant visa interview took place on **June 18, 2024** at the U.S. Embassy in Stockholm. At the conclusion of the interview, the consular officer placed the case in **administrative processing**.

CEAC currently displays:

**"Refused" – Administrative Processing continues.**

This status demonstrates the case is **not concluded**.

The Embassy requested only a **CV** post-interview. No DS-5535 was requested for the immigrant visa case. No additional documents, explanations, or security materials have been requested for 18 months.

Plaintiff also has a **B1/B2 visa** application that has been in "Refused – Administrative Processing" status since **August 2022**, despite Plaintiff submitting a DS-5535 in 2022. The simultaneous stagnation of two visa applications strongly suggests **administrative inaction**, not active processing.

**Incorporation of Previously Filed Exhibits**
Plaintiff respectfully incorporates by reference the "List of Exhibits Supporting Complaint for Writ of Mandamus," previously filed with the Complaint, together with Exhibits A through H. These exhibits include, among other materials, Plaintiff's I-140 approval notice (Ex. A), evidence that her priority date is current (Ex. B), her immigrant visa interview appointment letter (Ex. C), proof of her most recent U.S. entry and stay on a J-1 visa from January to June 2025 (Ex. D), CEAC records confirming that her immigrant visa remains under Administrative Processing (Ex. E), documentation of lost job opportunities at the University of Texas at Austin and elsewhere (Ex. F), proof of her Fulbright Scholar status (Ex. G), and evidence of her ongoing research collaboration with the University of Texas at Austin and established project leading by plaintiff an U.S universities as a partner (Ex. H).

**Plaintiff respectfully requests that the Court consider these previously submitted exhibits as part of the record for purposes of resolving Defendants' Motion to Dismiss.**

## III. PLAINTIFF'S BACKGROUND IS STRAIGHTFORWARD AND EASILY VERIFIABLE

Plaintiff's background presents none of the factors typically associated with extended security checks. To the contrary, her personal and professional history is simple, stable, and easily verifiable through Norwegian and U.S. government records:

- **She is a citizen of Norway**, a trusted U.S. partner nation and visa-waiver country.

- **She has no remaining ties to Iran**: she has no family, residence, or employment there. Her two brothers are **U.S. citizens** living and working in the United States, her mother resides with her in Norway, and her father passed away in 2022.

- **She has never served in military service**, as women are exempt.

- **All of her professional work** has taken place in Norway, the United States, and other Western institutions.

Given these facts, Plaintiff's background contains no complexity whatsoever that would justify prolonged or multi-year administrative processing.

## IV. PROFESSIONAL HARM

The ongoing delay has caused severe and escalating harm to Plaintiff and to U.S. academic and industry institutions.

Plaintiff has been repeatedly offered research and employment opportunities by the University of Texas at Austin, but she has been unable to accept any of them solely because her immigrant visa and B1/B2 visa remain in unresolved administrative processing. These were concrete, formal offers, extended multiple times, which Plaintiff was forced to decline. Her inability to relocate interrupts work that is in the direct interest of the United States.

Since her Fulbright award in 2021, Plaintiff has invested significant effort into building a major U.S.–Norway scientific partnership in energy research. She played a leading role in developing an ongoing joint industry–university research project involving:

- The University of Texas at Austin,

- NORCE Norwegian research center, and

- multiple U.S. and Norwegian energy sector companies.

This collaboration is active and ongoing. Plaintiff is one of the essential scientific contributors responsible for coordinating research between the University of Texas at Austin, Norwegian institutions, and industry partners.

A **new phase of the project will begin in January 2026**, and Plaintiff's presence at the University of Texas at Austin is critical to its success. Her inability to enter the United States undermines the project's research timeline, disrupts planned deliverables, and damages the significant investment made by U.S. companies, the University of Texas at Austin, and Norwegian partners.

This harm is **exceptionally clear, concrete, and ongoing**. The delay is not merely affecting Plaintiff personally—it is **actively harming U.S. scientific progress, academic institutions, and industry collaboration**.

---

### V. LEGAL STANDARD

To survive dismissal, Plaintiff must plausibly allege unreasonable delay.

APA § 555(b) requires agencies to conclude matters "within a reasonable time."
APA § 706(1) authorizes courts to compel agency action "unlawfully withheld or unreasonably delayed."
Courts evaluate delay under the **TRAC** factors.

---

### VI. ARGUMENT

### A. Administrative Processing Remains Ongoing, So *Karimova* Does Not Apply

*Karimova v. Abate* applies only where:

1. the visa has been finally refused, and

2. **no further processing remains**.

Here, CEAC states that **administrative processing continues**. This is the opposite of finality.

Courts have repeatedly held that a case in "Refused – AP Continues" status is **not final**:

- *Janay v. Blinken*, 743 F. Supp. 3d 96 (D.D.C. 2024)

- *Sarlak v. Pompeo*, 2020 WL 3082018 (D.D.C. 2020)

Thus, *Karimova* and *Muñoz* do not apply.

---

### B. Consular Non-Reviewability Does Not Bar APA Delay Claims

The doctrine bars review of **final decisions**, not of prolonged inaction. Plaintiff does not contest a visa refusal; she contests the **failure to conclude administrative processing**.

Courts allow APA delay claims in this posture:

- *Gomez v. Trump*, 485 F. Supp. 3d 145 (D.D.C. 2020)

- *Nine v. Kerry*, 2014 WL 295852

- *Sarlak*, 2020 WL 3082018

Therefore, consular nonreviewability does not bar Plaintiff's claims.

---

### C. Plaintiff States Valid Claims Under APA § 706(1) and Mandamus

Plaintiff alleges:

- 18 months of complete silence,

- no document requests,

- a simple and verifiable background,

- long-standing connections to the U.S.

- a parallel visa stuck for three years, and

- severe harm to U.S. research institutions.

This easily satisfies the pleading standard.

---

**D. TRAC Factors Strongly Favor Plaintiff**

**TRAC Factor 1 – Rule of Reason**

The 18-month delay with no action is unreasonable given Plaintiff's background and history. Plaintiff is a **Norwegian citizen** with **no security complexities**, no military service, and no ties to Iran. She has been vetted and admitted into the United States **multiple times in the past decade**, including:

- a **Fulbright visit in 2021**,

- several research visits, and

- a **recent six-month stay in 2025 on a J-1** visa at the University of Texas at Austin.

These stays required **rigorous U.S. government vetting**, all of which she passed without incident. Nothing in Plaintiff's background changed between her most recent U.S. departure (June 2025) and her immigrant visa interview one year later.

Given this long history of lawful U.S. presence and prior security clearance, an 18-month period of complete inaction cannot be justified by any "rule of reason."

**Factor 2 – No statutory timetable**

Reasonableness controls; delays shorter than this have been found unreasonable.

**Factor 3 – Human welfare**

Plaintiff's professional career, income, and research responsibilities are severely harmed. The delay also harms U.S. academic institutions and U.S. energy-industry partners. This factor supports relief.

**Factor 4 – Impact on competing priorities**

Since the Embassy requested only a CV, Plaintiff is not in a security queue; compelling action will not reorder priorities.

**Factor 5 – Prejudice**

Plaintiff faces:

- lost job opportunities at UT Austin,

- inability to begin the January 2026 project phase,

- serious disruption to U.S.-based research activities.

The prejudice is substantial and ongoing.

**Factor 6 – Bad faith not required**

The unexplained inaction alone satisfies this factor.

---

### VII. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss and compel the Department of State to complete administrative processing and issue a final decision without further delay.

Plaintiff emphasizes that she fully respects and supports the security and background vetting procedures of the United States. Such measures are essential and appropriate. However, the delay in her case has gone far beyond the bounds of any reasonable security review—particularly in light of her Norwegian citizenship, repeated prior U.S. vetting, multiple lawful stays in the United States, and the absence of any complex background factors. Plaintiff therefore respectfully seeks only what the law guarantees: a timely, final adjudication of her application.

---

**Respectfully submitted,**

**Nazanin Jahani**
Braennes veg 25
7022 Trondheim, Norway
n.jahani@gmail.com
+47 48310720

*Date: December 06 2025*