UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAZANIN JAHANI,<br><br>        Plaintiff,<br><br>v.<br><br>JOHN ARMSTRONG, Acting Assistant Secretary of State for Consular Affairs, U.S. Department of State, et al.,<br><br>        Defendants. | Civil Action No. 25-2745 (CJN) |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants, through undersigned counsel, respectfully file this reply in support of their motion to dismiss ("Mot.", ECF No. 10). In short, *pro se* Plaintiff's opposition ("Opp.", ECF No. 12-1) provides no reason to doubt the logic or binding force of the D.C. Circuit's recent decision in *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024), which is squarely on point and disposes of Plaintiff's claims. Plaintiff's attempts to avoid the application of the consular non-reviewability doctrine and to allege unreasonable delay are equally unavailing, as will be explained below.

### ARGUMENT

**I.    The Department of Justice Defendants Should Be Dismissed.**

Plaintiff concedes the Attorney General and United States Attorney are improperly named as Defendants, and the parties now agree those two Defendants should be dismissed. Opp. 1; *see* Mot. 4.

**II.     Plaintiff Identifies No Legal Duty To Undertake, or Complete, Administrative Processing After a Visa Application Refusal.**

As explained in Defendant's Motion (at 5-9), "District courts can compel agency action only in the 'extraordinary' case when they find the official committed a 'transparent violation of a clear duty to act' and has 'unreasonably delayed the contemplated action.'" *Karimova*, 2024 WL 3517852, at *1; *see Rezvani v. Rubio*, Civ. A. No. 24-3381, 2025 WL 1293358, at *1 (Nichols, J.) (D.D.C. May 5, 2025) (adopting "the persuasive logic of *Karimova*"). The D.C. Circuit concluded in *Karimova* that the Department of State has no legal duty to act on an application (like Plaintiff's) that has been refused under Section 221(g) of the Immigration and Nationality Act, and Plaintiff makes no serious effort to contest the logic or binding force of that holding.

Instead, Plaintiff reports that the Department of State's Consular Electronic Application Center describes her application status as: "'Refused' – Administrative Processing continues." Opp. 2, 4. She infers from this that "*Karimova* Does Not Apply," because *Karimova* "applies only where . . . no further processing remains." Opp. 4. This, with respect, is simply not an accurate reading of *Karimova*, where the plaintiff's visa application was "refused" and—as in Plaintiff's case here—"the consular officer chose to leave it in administrative processing." 2024 WL 3517852, at *2. The inevitable conclusion is that Plaintiff "ha[s] not demonstrated that [D]efendants have a duty to take any further action with respect to their visa applications," and so Plaintiff's claims must be dismissed. *Rezvani*, 2025 WL 1293358, at *2. No other authority cited by Plaintiff, Opp. 4, compels a different result.[1]

---

[1]     *Janay v. Blinken*, 743 F. Supp. 3d 96 (D.D.C. 2024) and *Sarlak v. Pompeo*, Civ. A. No. 20-0035, 2020 WL 3082018 (D.D.C. June 10, 2020) were both decided before *Karimova*, and in any event Plaintiffs' claims in both cases were ultimately dismissed.

**III.     The Consular Non-Reviewability Doctrine Bars Plaintiff's Claim.**

Plaintiff also fails to meaningfully contest the conclusion that the doctrine of consular non-reviewability "shields a consular officer's decision to issue or withhold a visa from judicial review, at least unless Congress says otherwise." *Baan Rao Thai Rest. v. Pompeo*, 985 F.3d 1020, 1024 (D.C. Cir. 2021); *see* Mot. 10-13; Opp. 4.

Plaintiff tries to avoid this doctrine by contending that she "does not contest a visa refusal," she contests a "failure to conclude administrative processing." Opp. 4.  This argument is unsound for at least two reasons.  First, Plaintiff herself reports that her status is "'*Refused*' – Administrative Processing continues," which contradicts her claim that her application has not been refused. Opp. 2 (emphasis added).  Second, a refusal under Section 221(g)—even when followed by administrative processing—is most definitely a refusal as a legal matter. *Karimova*, 2024 WL 3517852, at *5 (in case of 221(g) refusal, "the consular officer has already acted on her application . . . . She reviewed and then lawfully refused it.").  So the doctrine of consular non-reviewability applies.

**IV.     Plaintiff Alleges No Unreasonable Delay.**

Even if the Court had jurisdiction to reach the merits of Plaintiff's allegations, there is no unreasonable delay here.  Mot. 13-19.  Plaintiff's discussion of the *TRAC* factors, *see Telecommunications Research & Action Center v. Federal Communications Commission*, 750 F.2d 70 (D.C. Cir. 1984), cites no authorities that would support a finding of unreasonable delay in circumstances like hers.  *See* Opp. 5-7.

Her discussion of Factors 1 and 2 confirm that a rule of reason is applicable to cases such as these, where no statutory timeframes apply.  Her contention that her case presents "no security complexities" (Opp. 5) does not move the needle; the touchstone in this analysis is the case law, which weighs heavily against her.  Mot. 15-16.

Factor 4 also weighs in Defendant's favor, as Plaintiff identifies no way to review her case first without moving her case ahead of other, competing visa applications. Mot. 17-18. Plaintiff posits that her case is "not part of a large security queue" and adjudicating her application would require only "the completion of an otherwise straightforward adjudication," Opp. 6, but she is not well situated to estimate the complexities presented by her case. In the United States immigration system, the responsibility for the assessment of applicants' potential ineligibilities rests not with the applicants themselves, but with U.S. government agencies, which must form their own views on the matter.

As to Factors 3 and 5, most of the *TRAC* cases discussed in Defendant's Motion involved harms similar or greater than the loss of professional and research opportunities described by Plaintiff. Opp. 6; Mot. 18-19.

Finally, on Factor 6, the parties agree that Plaintiff does not allege bad faith on the part of the Defendants, meaning that this factor weighs neither for nor against relief. Opp. 6; Mot. 19.

## CONCLUSION

For the foregoing reasons, the Court should dismiss this action with prejudice.

Dated:  December 15, 2025
        Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:      */s/ Andrew J. Vaden*
        ANDREW J. VADEN
        Assistant United States Attorney
        601 D Street, NW
        Washington, DC 20530
        (202) 252-2437

*Attorneys for the United States of America*