**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NAZANIN JAHANI,<br><br>*Plaintiff*,<br><br>v.<br><br>MORA NAMDAR,<br>Assistant Secretary of State for Consular Affairs,<br>U.S. Department of State,<br>in her official capacity, *et al.*,<br><br>*Defendants*. | Civil Action No. 1: 25-cv-02745 (CJN) |

**MEMORANDUM OPINION**

Plaintiff Nazanin Jahani is an Iranian-born citizen of Norway whose application for an immigrant visa was refused by a consular officer pursuant to Section 221(g) of the Immigration and Nationality Act and then placed into "administrative processing." ECF No. 1 (Compl.) ¶¶ 1–2, 5, 14; ECF No. 1-1 at 19–20; *cf.* ECF No. 12-1 at 2 (giving the current status as "'Refused' — Administrative Processing continues").[1] That status reflects that, although Jahani's visa application has been "officially refused," "th[e] refusal may (or may not) be overcome with new information at a later date." *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *2 (D.C. Cir. July 24, 2024) (per curiam) (citing 9 Foreign Affairs Manual ("FAM") § 306.2-2(A)(a)). "[K]eeping the door open in administrative processing can only benefit, never hurt, [an] applicant's entry prospects." *Id.* But Jahani (proceeding here *pro se*) alleges that the government is

[1] The Court uses the page numbers generated by CM/ECF.

unreasonably delaying the adjudication of her visa application and seeks an order compelling such an adjudication.[2] Compl. ¶¶ 1–2, 18–19.

It is true that, when a visa applicant "execute[s]" his application "by bringing the required paperwork to an in-person interview with a consular officer," "the consular officer—by regulation—*must* issue or refuse the visa." *Karimova*, 2024 WL 3517852, at *1 (internal quotation marks omitted) (first citing 9 FAM § 504.1-3(a), (g); and then citing 22 C.F.R. § 42.81(a)). But as the Court of Appeals has explained, a visa applicant whose application is refused and then placed into administrative processing has still "received the 'refused' decision that the law expressly authorizes as one of the allowed actions on a visa application." *Id.* at *4 (first citing 22 C.F.R. § 42.81; and then citing 8 U.S.C. § 1201(g)).

[2] Jahani sues the Secretary of State, the Attorney General of the United States, the U.S. Attorney for the District of Columbia, the Assistant Secretary of State for Consular Affairs, and the U.S. Ambassador to Sweden. *See* Compl. ¶¶ 6–10. As an initial matter, the government contends that Jahani lacks standing to sue the Department of Justice officials because "officials outside the State Department . . . have no alleged role in re-adjudicating the Visa Application." ECF No. 10 at 10. In her opposition, Jahani concedes the point and offers to dismiss those defendants. ECF No. 12-1 at 1. The Court agrees that Jahani lacks standing to sue the Attorney General and the U.S. Attorney. *See Zakeri v. Blinken*, No. 23-cv-3162, 2024 WL 3273418, at *3 (D.D.C. July 2, 2024) (explaining that the Court was not notified of "any similar visa case in which a court has held that a plaintiff had standing to sue the Attorney General"); *Siddiqui v. Blinken*, 646 F. Supp. 3d 69, 75 (D.D.C. 2022) (dismissing the Attorney General from an immigration mandamus suit). Although not raised by the government, the Court also holds that Jahani lacks standing to sue the Secretary of State. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("Courts do not usually raise claims or arguments on their own. But federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *Zakeri*, 2024 WL 3273418, at *3 ("Plaintiff lacks standing to sue the Attorney General *and the Secretary of State* because he has failed to establish the causation and redressability prongs against these officials." (emphasis added)). Jahani likely does, however, have standing as to the U.S. Ambassador to Sweden, who oversaw the Consul General, and perhaps also as to the Assistant Secretary of State for Consular Affairs, as "a court order directed at [those Defendants] could redress Plaintiff's injuries." *Zakeri*, 2024 WL 3273418, at *3.

The government argues that "there is no further statutory or regulatory command to act, precluding mandamus relief under the Mandamus Act or the Administrative Procedure Act." ECF No. 10 at 7. In response, Jahani insists that the Court of Appeals' decision in *Karimova* is inapplicable. *See* ECF No. 12-1 at 1, 4. The Court disagrees and finds that, even though *Karimova* is unpublished, it offers persuasive authority that the Court opts to follow in this case. *See, e.g.*, *Ibrahim v. Blinken*, No. 24-cv-647, 2024 WL 4490286, at *3 (D.D.C. Sept. 20, 2024) (denying preliminary injunction partially in light of *Karimova*) ("Plaintiffs have not explained why they are likely to succeed on the merits of their claim given that a unanimous decision of the D.C. Circuit, unpublished or not, would suggest otherwise.").

The government further argues that, because Jahani received the visa refusal to which the law entitled her, her claim also fails under the consular nonreviewability doctrine. ECF No. 10 at 16–19. That "longstanding principle" provides that, when a consular officer decides "to admit or . . . exclude" a noncitizen, his decision is "immune from judicial inquiry or interference" unless Congress specifically provides otherwise. *Dep't of State v. Muñoz*, 602 U.S. 899, 907–08, 915 (2024) (internal quotation marks omitted). The Court agrees that, under *Karimova*'s logic, a refusal followed by administrative processing is itself a decision of exclusion to which the consular nonreviewability doctrine would likely apply. *See Karimova*, 2024 WL 3517852, at *6 (describing the plaintiff as seeking "yet another 'final decision' on her already-refused visa application"); *see also Motevali v. Blinken*, No. 23-cv-2133, 2024 WL 3580937, at *4–5 (D.D.C. July 30, 2024) (observing that *Karimova* "casts doubt on" "prior decisions [by courts in this district] rejecting the government's reliance on the consular non-reviewability doctrine in cases [involving visa applications subject to administrative processing after Section 221(g) refusals]"). But because *Karimova* expressly declined to decide whether the "principle of nonreviewability" would apply

in a case that "purports to challenge the timing rather than content of a consular visa decision," the Court sees no need to do so here either. *Karimova*, 2024 WL 3517852, at *6. It will instead dismiss this suit because, as discussed above, Jahani has not demonstrated that the government has a duty to take any further action with respect to her visa application.

DATE: September 30, 2026

CARL J. NICHOLS
United States District Judge